```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-cr-20372 |
| | ) | |
| ANTONIO ADAMS, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

Before the Court is Defendant Antonio Adams's April 24, 2020 Motion for Transfer or Early Release (the "Motion"). (ECF No. 58.) The government has not responded to the Motion. For the following reasons, the Motion is DENIED.

In November 2007, Adams was indicted for carjacking in violation of 18 U.S.C. § 2119. (ECF No. 1.) In January 2010, Adams pled guilty to that charge. (ECF No. 43.) In April 2010, the Court sentenced Adams to 180 months in prison to be followed by three years of supervised release. (ECF Nos. 47-48.) Adams's current release date is June 16, 2022. (See Bureau of Prisons, Inmate Locator Utility, "Antonio Adams," www.bop.gov/inmateloc.)

Adams filed the Motion on April 24, 2020. (ECF No. 58.) He moves for a transfer to FCI Otisville. (Id. at 3.) Alternatively, he moves for early release to a halfway house or

to home confinement.  (Id. at 3-4.)  Adams submits that, while incarcerated, he has obtained a G.E.D. and a vocational certificate in construction and has participated in a drug and alcohol prevention program.  (Id. at 1-3.)

The Court commends Adams's achievements while incarcerated. However, the Court lacks authority to grant the Motion.  "The [Bureau of Prisons], not the court, is responsible for designating the place of a prisoner's imprisonment."  United States v. Townsend, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)); see also 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment," and that "a designation of a place of imprisonment under this subsection is not reviewable by any court").

The Court lacks authority to order the transfer Adams requests.  Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") makes that determination exclusively.  "The Court has no authority to direct the BOP to designate [a defendant] to a particular facility."  United States v. Withers, No. 07-cr-20339, 2009 WL 10700553, at *1 (W.D. Tenn. Sept. 17, 2009).

The Court lacks authority to order Adams's early release to a halfway house or home confinement.  Under 18 U.S.C. § 3624(c), the BOP is directed, "to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion

2

of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Under that provision, the BOP has the authority to direct that a prisoner serve the final portion of his or her sentence at a "community correctional facility" or under "home confinement." 18 U.S.C. § 3624(c)(1)-(2). The BOP alone makes that determination. See, e.g., United States v. Black, No. 2:12-cr-263, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020) (citing Sacora v. Thomas, 628 F.3d 1059, 1066 (9th Cir. 2010), and Fournier v. Zickefoose, 620 F. Supp. 2d 313, 318 (D. Conn. 2009)).

For the foregoing reasons, the Motion is DENIED.

So ordered this 8th day of June, 2020.

                                        /s/ *Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE